## Thomas Eames *versus* John Eames.

The *St.* 1826, *c.* 109, [Revised St. *c.* 81, § 20,] provides, that, in suits in equity pending in this Court, any justice thereof may make all interlocutory orders and decrees which may be necessary to the full hearing and final determination of such suits; and under this provision it was *held*, that an order directing the trial of a material fact, by jury, is an interlocutory order; and consequently, that where the only material question in a suit in equity was of the sanity of the plaintiff, it was competent for the Court, when holden by a single judge, to direct an issue to be framed and tried by jury, for the purpose of determining this question, before a general hearing.

Bill in equity. The bill sets forth, that on October 2, 1827, Samuel Eames, the father of the plaintiff, made nis will, by which he bequeathed to the defendant the sum of $4000, in trust that he would apply the income thereof, and so much of the principal as should be necessary, to the maintenance of the plaintiff during life or until he should be restored to a sound mind and become capable of taking care of himself; that the testator also directed, that in case the plaintiff should be restored to a sound mind, the defendant should pay to him the whole of such sum, or such portion thereof as should remain unexpended, or transfer to him the stock or other securities in which it might be invested; that on December 28, 1830, the testator died, and afterwards the defendant accepted the trust; and that before the death of the testator, the plaintiff was restored to a sound mind and had ever since continued ˙sane and capable of taking care of him·

Eames
v.
Eames.

self.  The bill then prayed for an account, decree of payment and general relief.

The answer denied that the plaintiff had been restored to a sound mind so as to be capable of taking care of himself, either at the time of the testator's decease, or since.

The plaintiff filed a general replication.

At the April term of this Court, in 1834, held by *Putnam* J., the counsel for the plaintiff moved, that issues be directed to be framed and tried before a jury.  The defendant objected, that a single justice of the Court had no authority to direct the framing of issues.  This objection was overruled and the question reserved for the consideration of the whole Court.  Two issues were thereupon framed, one, upon the sanity of the plaintiff at the time of the testator's decease, and the other, upon his sanity when the bill was filed.

The jury returned a verdict for the plaintiff upon both issues.

The defendant moved for a new trial and assigned several causes, the principal of which was, that the verdict was against the weight of the evidence.

*Oct. 18th.*

*Fletcher* and *Aylwin*, for the defendant.

*Hoar* and *Dexter*, for the plaintiff.

*Feb. 26th,*
*1835.*

SHAW C. J. delivered the opinion of the Court.  The Court are all of opinion that it was perfectly competent for the Court when holden by one judge, to order an issue to try an important and material question of fact.  The *St.* 1826, *c.* 109, provides, that when any suit in equity shall be pending in the Supreme Judicial Court in any county, it shall be lawful for any justice of such Court, as well in vacation as in term time, to receive, hear, and determine all motions relating to the proceedings therein, preparatory to a final hearing thereof, and to make and pass all interlocutory orders and decrees, which may be proper and necessary to the full hearing and final determination of such suit.  Questions, perhaps, of some difficulty, may hereafter arise, as to the exact limits of the powers given to the Court holden by one judge, in these broad and general terms.  They must be decided as they occur.  Many of the most important decisions made in the course of an equity suit, are in their nature interlocutory.  It

is clearly implied by the last clause in the 4th section of the statute above cited, that the power to refer a case to a master, is one which may be exercised by a single judge ; and yet the terms of such order, the instructions to be given to the master for his guidance and direction under such reference, will embrace the principal contested points, in the case. The general view which I believe has been taken of the construction of this statute, without its having been the subject of much judicial discussion, has been, that it vested in the Court, when held by one judge, the general jurisdiction over chancery causes and proceedings, except in rendering a final judgment or decree, but that in practice, this jurisdiction is always to be exercised in such form, as to reserve and present, for the consideration of the whole Court, any question of law which may arise, as well for the purpose of securing to suitors the benefit of the judgment of the whole Court on questions of law, as for securing uniformity of decision in construing and administering the law. But whether this view be correct or not, and supposing that questions may arise, in particular cases, which are to be considered and determined when they occur, the Court are all of opinion, that an order, directing the trial of a material fact, by jury, is an interlocutory order, and the power to make it is clearly given by the statute cited. It has been exercised in many instances, and though, if it was not made a question for the Court, and deliberately considered, perhaps as precedents such cases would not have much weight, yet they tend to show what has been the impression of judges, under which this practice has grown, and have some tendency to show what has been the early construction of the statute. But supposing a question now made for the first time, we have no doubt, that this power is given by the statute, and that the order directing the issues in this cause to be tried by jury, was properly made.

In general, according to the practice in chancery, a cause wil. be brought to a formal hearing, before an issue is directed. But where it is conceded, that the only material question is that of sanity, a fact peculiarly fit and suitable for a trial by jury, there seems to be no objection to ordering an issue, before a general hearing.